JUDGE JONES 

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIANO LABOY, on behalf of himself and
others similarly situated,

        Plaintiff,

v.

SAFRA ASSET MANAGEMENT CORPORATION
d/b/a SAFRA NATIONAL BANK OF NEW YORK,

        Defendant.

---

Case No.:

COMPLAINT

Jury Trial Demanded



---

    Plaintiff, MARIANO LABOY (hereinafter, "LABOY" or "Plaintiff"), on behalf of himself and all similarly situated employees, by and through his undersigned attorney, hereby files this Complaint against Defendant, SAFRA ASSET MANAGEMENT CORPORATION d/b/a SAFRA NATIONAL BANK OF NEW YORK (hereinafter, "SAFRA" or "Defendant"), and states as follows:

## INTRODUCTION

    1. Plaintiff, LABOY, alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he is entitled to: (1) unpaid overtime wages, (2) liquidated damages, and (3) attorneys' fees and costs from Defendant.

    2. Plaintiff, LABOY, further alleges that, pursuant to the New York Labor Law, he is entitled to: (1) unpaid overtime wages, (2) liquidated damages, and (3) attorneys' fees and costs from Defendant.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, LABOY, is a resident of Bronx County, New York.

6. Defendant, SAFRA, is a corporation organized under the laws of the State of Delaware, registered to do business in the State of New York as a foreign corporation, with a principal place of business at 546 Fifth Avenue, New York, New York 10036.

7. At all relevant times, SAFRA continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

8. At all times material hereto, the work performed by Plaintiff, LABOY was directly related, and essential to the business operated by SAFRA.

9. At all times material hereto, SAFRA knowingly and willfully failed to pay LABOY his lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

10. Plaintiff, LABOY, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

11. On or about June 26, 2006, Plaintiff, LABOY, was hired by SAFRA as an "FX Settlement Supervisor."

12. LABOY worked until July 2007 at SAFRA, where his job responsibilities included reconciling accounts, inputting FX trades, investigating customer inquiries regarding overdraft charges and incorrect balances, etc.

13. During LABOY's employment, he frequently worked over forty (40) hours per week.

14. SAFRA knowingly and willfully operated its business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff and other similarly situated employees.

15. Plaintiff retained the Law Offices of Robert L. Kraselnik, PLLC to represent him and other employees similarly situated in this litigation, and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT

16. Plaintiff, on behalf of himself and all similarly situated employees, realleges and reavers Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. At all relevant times, upon information and belief, SAFRA has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

18. At all relevant times, SAFRA employed LABOY within the meaning of the FLSA.

19. Upon information and belief, at all relevant times herein, Defendant has had gross revenues in excess of $500,000.

20. Despite being given the title "FX Settlement Supervisor," LABOY's duties were not truly supervisory for purposes of application of the FLSA's statutory "white collar" exemptions and, accordingly, LABOY is entitled to overtime at a rate of time and one-half as provided for in the FLSA.

21. At all relevant times, SAFRA had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to its employees for their hours worked in excess of forty (40) hours per workweek.

22. SAFRA failed to pay Plaintiff and all similarly situated employees overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

23. Records, if any, concerning the number of hours worked by, and the actual compensation paid to, Plaintiff, and all similarly situated employees, are in the possession and custody of SAFRA. Plaintiff and all similarly situated employees intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

24. SAFRA knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, LABOY, and all similarly situated employees at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

25. SAFRA failed to properly disclose or apprise Plaintiff, LABOY, and all similarly situated employees of their rights under the FLSA.

26. As a direct and proximate result of SAFRA's willful disregard of the FLSA, Plaintiff, LABOY, and all similarly situated employees are entitled to liquidated damages pursuant to the FLSA.

27. Due to the intentional, willful and unlawful acts of SAFRA, Plaintiff, LABOY, and all similarly situated employees suffered damages in an amount not presently ascertainable of overtime wages, plus an equal amount as liquidated damages.

28. Plaintiff, and all similarly situated employees, are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

29. Plaintiff, on behalf of himself and all similarly situated employees, realleges and reavers Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. At all relevant times, Plaintiff was employed by SAFRA within the meaning of the New York Labor Law, §§ 2 and 651.

31. SAFRA willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

32. Due to the Defendant's New York Labor Law violations, Plaintiff is entitled to recover from SAFRA his unpaid overtime premium for the applicable statutory period, plus liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LABOY, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against SAFRA and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of liquidated and/or punitive damages as a result of SAFRA's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

e. An award of liquidated and/or punitive damages as a result of SAFRA's willful failure to pay overtime compensation pursuant to the New York Labor Law;

f. An award of prejudgment and postjudgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 28, 2008

                    Respectfully submitted,

                    LAW OFFICES OF
                    ROBERT L. KRASELNIK, PLLC
                    *Attorneys for Plaintiff*
                    40 Wall Street, 28th Floor
                    New York, NY 10005
                    Phone: (212) 400-7160
                    Fax: (212) 400-7162

By: _____
     ROBERT L. KRASELNIK (RK-0684)