UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MARIANO LABOY, on behalf of himself and others similarly situated,

       Plaintiff,

- against -

SAFRA ASSET MANAGEMENT CORPORATION d/b/a SAFRA NATIONAL BANK OF NEW YORK,

       Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.: 08 CV 03366 (BSJ)(FM)

**ANSWER**

   Defendant Safra National Bank of New York (incorrectly named in the caption as "Safra Asset Management Corporation d/b/a Safra National Bank of New York" and hereinafter "Defendant"), by its attorneys, Epstein Becker & Green, P.C., for its Answer to the Complaint, states as follows:

### AS TO "INTRODUCTION"

   1. Defendant denies the allegations contained in paragraph 1 of the Complaint except to state that Plaintiff purports to assert claims under the Fair Labor Standards Act, as amended, 19 U.S.C. §§ 201 et seq. ("FLSA") and contends that he is entitled to unpaid overtime wages, liquidated damages, and attorneys' fees and costs from Defendant.

   2. Defendant denies the allegations contained in paragraph 2 of the Complaint except to admit that Plaintiff purports to assert claims under the New York Labor Law, and contends that he is entitled to unpaid overtime wages, liquidated damages, and attorneys' fees and costs from Defendant.

## AS TO "JURISDICTION AND VENUE"

3. Defendant admits that Plaintiff contends that the Court has jurisdiction over this matter under 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 1337 and 1343, and supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. § 1367, and states that the jurisdiction of this Court is a matter of law for the Court to determine.

4. Defendant admits that Plaintiff contends that the venue is proper in this District under 28 U.S.C. § 1391, and states that proper venue is a matter of law for the Court to determine.

## AS TO "PARTIES"

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint except to state that Defendant (Safra National Bank of New York) is a national association chartered bank under the laws of the United States with a principal place of business at 546 Fifth Avenue, New York, New York 10036.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint, except states that Plaintiff did not satisfactorily performed his job duties.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

## AS TO "STATEMENT OF FACTS"

11. Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint except to admit that Plaintiff was employed by Defendant until July 2007 and his job responsibilities included, among other things, investigating customer inquiries regarding overdraft charges and incorrect balances.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint except to state that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff retained the Law Offices of Robert L. Kraselnik, PLLC to represent him and other employees in this litigation, and has agreed to pay the firm a reasonable fee for its services.

## AS TO "COUNT I"

16. Defendant repeats and realleges its responses to paragraphs 1 through 15 of the Complaint as if set forth fully herein.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint contains a conclusion of law to which no response is required. To the extent that a response is required, Defendant admits that it employed Plaintiff and that it was subject to the FLSA.

19. Defendant admits that allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint except to admit that Defendant has records relating to the actual compensation paid to

Plaintiff and hours that he worked, and to state that it lacks knowledge and information sufficient to form a belief as to the truth of allegations concerning the intentions of Plaintiff.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

## AS TO "COUNT II"

29. Defendant repeats and realleges its responses to the allegation contained in paragraphs 1 through 28 of the Complaint as if set forth fully herein.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

As and for its affirmative and other defenses, Defendant states as follows:

### First Defense

33. The Complaint is barred in whole or part because it fails to state a claim upon which relief can be granted.

### Second Defense

34. The Complaint is barred, in whole or in part, to the extent it seeks relief beyond the applicable statute of limitations.

### Third Defense

35. At all times relevant to this action, Defendant acted lawfully, reasonably and in good faith and in the belief that the acts and omissions alleged in the Complaint were not unlawful.

### Fourth Defense

36. Plaintiff is not a proper representative of the putative class of similarly situated employees that he seeks to represent, and the putative class is not a class which properly can be certified in this action.

### Fifth Defense

37. If the acts and/or omissions alleged in the Complaint were unlawful, which Defendant denies, Defendant did not do so willfully. Accordingly, pursuant to section 6(a) of the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. §255(a), the Complaint is barred in whole or in part by the statute of limitations.

### Sixth Defense

38. Plaintiff, and the alleged putative class members, are exempt employees under the administrative and/or professional exemptions, and/or a combination thereof, as defined in the FLSA and New York State wage and hour laws and the regulations and rulings thereunder and thus are not entitled to overtime compensation.

### Seventh Defense

39. The Complaint is barred in whole or in part because Plaintiff has pleaded no facts demonstrating the entitlement to recover liquidated damages and Defendant has at all times classified workers in good faith and with a reasonable ground for believing that it was in compliance with the law.

### Eighth Defense

40. The Complaint is barred, in whole or in part, by the doctrines of waiver and estoppel.

### Ninth Defense

41. The Complaint is barred, in whole or in part, by the doctrines of laches.

### Tenth Defense

42. The Complaint fails because Defendant has made payment of all sums which may have been due under the Fair Labor Standards Act and New York law.

### Eleventh Defense

43. Plaintiff's claims, and the claims of any alleged putative class members, for damages are barred, in whole or in part, to the extent that there has been a failure to mitigate damages.

### Twelfth Defense

44. To the extent any overtime monies are due Plaintiff, or members of the alleged putative class, Plaintiff's claims are barred to the extent that Defendant has made offsetting payments not required by law that are creditable toward the alleged overtime obligation.

### Thirteenth Defense

45. Plaintiff cannot bring this action in a representative capacity because he is not similarly situated to the workers he purports to represent.

### Fourteenth Defense

46. Defendant has acted in good faith conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor, and/or administrative practices or enforcement policies of said Administrator and, accordingly, the action is barred under the Portal-to-Portal Act, 29 U.S.C. §259.

**Fifteenth Defense**

47. The Complaint is barred in whole or part because Plaintiff, and the alleged putative class, was a salaried employee working a fluctuating work week, and, as pled, at most would be entitled to half-time compensation.

**Sixteenth Defense**

48. Plaintiff has not named the proper party because the named defendant was not his employer.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its behalf: (a) dismissing the Complaint in its entirety with prejudice; (b) granting Defendant its costs and disbursements, including reasonable attorneys' fees; and (c) granting Defendant such other and further relief as this Court deems just and proper.

Dated:   June 11, 2008

EPSTEIN BECKER & GREEN, P.C.

By:   s/James G. Murphy
     James G. Murphy
     Robert R. Barravecchio
250 Park Avenue
New York, New York 10177
(212) 351-4500
JMurphy@ebglaw.com
RBarravecchio@ebglaw.com
Attorneys for Defendant